**NOT FOR PUBLICATION**

```
                     UNITED STATES DISTRICT COURT
                        DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| NORTHEAST TRANSPORTATION SERVICES, LLC, | CIVIL ACTION NO. 09-3041 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| KEY EQUIPMENT FINANCE, et al., | |
| Defendants. | |

**THE PLAINTIFF**, Northeast Transportation Services, LLC ("Northeast"), brought this action against defendants, Key Equipment Finance ("Key Equipment"), Search Committee, LLC ("Search Committee"), Chesapeake Services, LLC ("Chesapeake"), and Gina Solieau ("Solieau"), on June 22, 2009, to recover damages caused by the allegedly improper seizure of Northeast's vehicle, and asserts jurisdiction under 28 U.S.C. § ("Section") 1332.  (Dkt. entry no. 1, Compl.)  The Court will sua sponte dismiss the Complaint without prejudice.  See Fed.R.Civ.P. 12(h)(3) (instructing court to dismiss complaint if jurisdiction is lacking).

**NORTHEAST** alleges that (1) it is "a resident of the State of New Jersey," (2) Search Committee is "a resident of the State of Georgia," and (3) Chesapeake is "a resident of the State of Maryland."  (Compl. at 1-2.)  Northeast thus provides allegations as to its own citizenship, as well as the citizenship of Search

Committee and Chesapeake, that are "meaningless." Preferred Merch. Hood, LLC v. Fam. Dollar, Inc., No. 06-67, 2006 WL 1134915, at *1 (D.N.H. Apr. 25, 2006); see Brown v. Walker, No. 06-218, 2008 WL 189570, at *4 (N.D. Ind. Jan. 22, 2008) (stating such allegation "says nothing" about party's citizenship). Limited liability companies are (1) unincorporated associations, and (2) deemed to be citizens of each state in which their members are citizens, not the states in which they were formed or have their principal places of business. Carden v. Arkoma Assocs., 494 U.S. 185, 195-97 (1990); Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 182 (3d Cir. 2008). The citizenship of each membership layer must be traced and analyzed to determine a limited liability company's citizenship. Hart v. Terminex Int'l, 336 F.3d 541, 543 (7th Cir. 2003). Thus, Northeast has not properly asserted its own citizenship or the citizenship of Search Committee and Chesapeake.

**NORTHEAST** asserts – without more – that Solieau is "a resident of the State of Colorado." (Compl. at 1.) Allegations as to where any party resides, is licensed, or has a place of business – as opposed to is a citizen or is domiciled – will not properly invoke the Court's jurisdiction. See Cruz v. Pennsylvania, 277 Fed.Appx. 160, 162 (3d Cir. 2008); Guerrino v. Ohio Cas. Ins. Co., 423 F.2d 419, 421 (3d Cir. 1970). Northeast therefore has not properly asserted Solieau's citizenship.

**NORTHEAST** alleges - without more - that Key Equipment is "a resident of the State of Colorado." (Compl. at 1.) Northeast, however, fails to allege Key Equipment's nature of ownership and citizenship (e.g., corporation, limited liability company, partnership), and thus does not properly assert Key Equipment's citizenship.[1]

**NORTHEAST** has failed to show that it is deemed to be a citizen of a different state in relation to each defendant. See 28 U.S.C. § 1332(a)(1); Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (requiring "complete diversity between all plaintiffs and all defendants"). Thus, the Court will dismiss the Complaint, but will do so without prejudice to Northeast to either – within thirty days – (1) recommence the action in state court, as the limitations period for the cause of action is tolled by the filing of a federal complaint, see Jaworowski v. Ciasulli, 490 F.3d 331, 333-36 (3d Cir. 2007); Galligan v. Westfield Ctr. Serv., Inc., 82 N.J. 188, 191-95 (1980), or (2) move in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules to reopen the action in federal court, with documentation properly demonstrating the citizenship of the

---

[1] Corporations are deemed to be citizens of the states in which they are incorporated and have their principal places of business. 28 U.S.C. § 1332(c)(1). An allegation that a corporation has "a" — rather than "its" — principal place of business in a certain state is insufficient. See S. Freedman & Co. v. Raab, 180 Fed.Appx. 316, 320-21 (3d Cir. 2006).

3

parties.  If Northeast opts to move to reopen, then it does so at its own peril, as the Court will not further extend the thirty-day period to proceed in state court.

**NORTHEAST** is advised – if it opts to move to reopen – that jurisdiction is measured "against the state of facts that existed at the time of filing."  <u>Grupo Dataflux v. Atlas Global Group, L.P.</u>, 541 U.S. 567, 571 (2004).  Thus, Northeast must properly demonstrate (1) its own citizenship as it existed specifically on June 22, 2009, <u>i.e.</u>, list and analyze each member within Northeast, including non-managing and non-individual members, and provide supporting documentation and affidavits from those with knowledge of Northeast's structure,[2] (2) the citizenship of Search Committee and Chesapeake as it existed on June 22, 2009, <u>i.e.</u>, list and analyze each member within Search Committee and Chesapeake, including non-managing and non-individual members, and provide supporting documentation and affidavits from those with knowledge of the structure of Search Committee and

---

[2] Northeast, if moving to reopen, must refrain from asserting confidentiality for any member.  <u>See</u> <u>Emerald Investors Trust v. Gaunt Parsippany Partners</u>, 492 F.3d 192, 207 n.22 (3d Cir. 2007) (rejecting, in jurisdictional analysis, partnership's "attempts to keep the identity of its limited partners confidential insofar as possible," as "the district court must know who they are and where they are citizens and its need for that information will trump [that partnership's] policies"); <u>Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.</u>, 350 F.3d 691, 693 (7th Cir. 2003) (stating "[i]t is not possible to litigate under the diversity jurisdiction with details kept confidential from the judiciary").

Chesapeake, (3) Solieau's citizenship as it existed on June 22, 2009, e.g., list her home address with supporting documentation, (4) Key Equipment's nature of ownership and citizenship as it existed on June 22, 2009, with supporting documentation, and (5) that there is jurisdiction under Section 1332.  Northeast is further advised that it must specifically assert citizenship as it existed on June 22, 2009.

**NORTHEAST**, if moving to reopen, must not restate the allegations from the Complaint.  Also, a response as to where any member or party resides, is licensed, or has a place of business – as opposed to is a citizen or is domiciled – will not properly invoke the Court's jurisdiction.  See Cruz, 277 Fed.Appx. at 162; Guerrino, 423 F.2d at 421.  A response based upon information and belief or an assertion that is not specific (e.g., citizen of "a state other than New Jersey" or "none of the defendants are residents of New Jersey") will be unacceptable.  See Freedman, 180 Fed.Appx. at 320 (stating citizenship is to be alleged "affirmatively and distinctly"); Vail v. Doe, 39 F.Supp.2d 477, 477 (D.N.J. 1999) (stating citizenship allegation that is based upon information and belief "does not convince the Court that there is diversity among the parties").  As Northeast is represented by counsel, the Court "should not need to underscore the importance of adequately pleading and proving diversity."

<u>CGB Occ. Therapy, Inc. v. RHA Health Servs. Inc.</u>, 357 F.3d 375, 382 n.6 (3d Cir. 2004).

    **THE COURT** will issue an appropriate order and judgment.

                                                                         s/ Mary L. Cooper
                                                                         **MARY L. COOPER**
                                                                         United States District Judge

Dated: June 26, 2009